**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDY LEE BRIDGES,** | : | |
| | : | **Civil Action No. 1:02-CV-1470** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **BUREAU OF PRISONS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the Court are Plaintiff's motion to reopen the above-captioned action and
motions seeking miscellaneous relief[1] and declaratory judgment.  (Doc. Nos. 289, 290, 298.)  For
the reasons that follow, the motions will be denied.

**I.      INTRODUCTION**

On July 23, 2004, pursuant to a stipulation entered into by the parties, the above-
captioned civil action was dismissed and the file closed.  Subsequently, Plaintiff has improperly
attempted on a number of occasions to reopen this action to obtain other or further relief.
Specifically, in July 2005, Plaintiff sought the Court's assistance resolving a dispute with the
United States District Court for the Western District of Tennessee over certain filing fees
Plaintiff was allegedly improperly assessed.  (Doc. No. 274.)  Plaintiff's motion seeking this
relief was subsequently dismissed as moot.  (Doc. No. 275.)  In January of this year, Plaintiff
filed a motion requesting that this Court enjoin certain alleged conduct of prison officials at
USP-Florence in Florence, Colorado, where Plaintiff is presently incarcerated.  (Doc. No. 278.)
The Court subsequently dismissed the motion for lack of jurisdiction.  (Doc. No. 281.)  At the

---

[1]  In this particular motion, Plaintiff appears to be requesting the Court's permission to
kill or assault certain fellow inmates.

same time, Plaintiff again requested that this Court order the Western District of Tennessee to refund certain filing fees Plaintiff claims he was improperly charged.  (Doc. Nos. 279, 282.)  The Court dismissed Plaintiff's motion without prejudice to his right to seek the requested relief from the Western District of Tennessee.  (Doc. No. 285.)  On February 15, 2006, Plaintiff filed a motion with this Court seeking "emergency assistance" with respect to misconduct Plaintiff alleged was taking place at USP-Florence.  (Doc. No. 283.)  In light of the seriousness of the allegations that were set forth in the motion, the Court directed the Clerk of Court to open a new civil action, to transfer the action to the District of Colorado, and to promptly close the case in this Court. (Doc. No. 286.)

Plaintiff has recently filed three new motions with the Court, including a motion to reopen this action (Doc. No. 289), a motion for miscellaneous relief relating to his custody at USP-Florence (Doc. No. 290), and a motion for a declaratory judgment by which it appears Plaintiff is requesting that this Court find that some or all of the Defendants breached the terms of a settlement agreement with Plaintiff and therefore reopen this case for trial (Doc. No. 298). In addition to the foregoing motions, Plaintiff has filed five letters (Doc. Nos. 288, 294, 295, 296, and 297), and two affidavits, one of which has ostensibly been offered in support of Plaintiff's motions and his request for a transfer out of USP-Florence (Doc. No. 293) and one, quite difficult to understand, that appears to concern Plaintiff's prison commissary activity (Doc. No. 301).  Upon review of the submissions, the Court will deny Plaintiff's motion to reopen this action and his other motions seeking various relief.

## II.   <u>DISCUSSION</u>

As an initial matter, to the extent Plaintiff is asking this Court to enforce the alleged

terms of a settlement agreement reached in July 2004 resolving litigation before this Court, the

Court is without jurisdiction to do so.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, (1994) (federal courts are without jurisdiction to enforce settlement agreements that resolve

litigation pending before them, unless there exists an independent basis for federal jurisdiction or

where the court has expressly retained jurisdiction over the settlement agreement).  In the instant

case, the Court did not retain jurisdiction over the settlement agreement between the parties that

led to the dismissal of this action; rather, the Court merely took notice of Plaintiff's

representations that he and the Defendants had reached an agreement and the Court honored the

terms of the stipulation by ordering that the action be dismissed and the case marked closed.

(See Doc. Nos. 259, 261.)   The Supreme Court has held that mere awareness and approval of the

terms of a settlement agreement are insufficient to make the terms a part of the Court's order

dismissing a case.[2]  Kokkonen, 511 U.S. at 381.  Nowhere in the order dismissing this action did

the Court contemplate retaining jurisdiction to enforce the terms of the agreement, nor were the

terms of such agreement incorporated into the order.  Accordingly, to the extent Plaintiff is

seeking to have this Court enforce the terms of the settlement agreement, the Court lacks

jurisdiction over such a claim.

      To the extent Plaintiff is seeking to reopen this case under Rule 60(b) of the Federal

Rules of Civil Procedure, the Court finds insufficient basis to do so.  Rule 60(b) provides, in

---

[2]  The Supreme Court explained: "The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."  Kokkonen, 511 U.S. at 381.  This was not the case of the order entered in the instant action.

relevant part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).  This action was dismissed and marked closed in July 2004, and therefore more than two years have elapsed between dismissal and the filing of the motion to reopen. Accordingly, to the extent Plaintiff's motion can be interpreted as asserting a basis to reopen the litigation provided in subparts (1), (2), or (3), the motion is untimely because a motion predicated upon Rule 60(b)(1), (2), or (3) must be filed within one year of the date the judgment or order of dismissal was entered.  Id.  As the motion cannot be read to fall under subparts (4) or (5), the only remaining possibility is to reopen the case for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  Upon consideration, the Court finds that this catch-all provision of Rule 60(b) cannot be invoked to reopen the instant case.  In reaching this conclusion, Sawka v. Healtheast, Inc., 989 F.2d 138 (3d Cir. 1993), is instructive. In Sawka, the Third Circuit affirmed a district court's order declining to reopen an action upon a motion predicated, in part, upon Rule 60(b)(6), and explained as follows:

> Assuming arguendo that [defendant] breached the terms of the settlement agreement, that is no reason to set the judgment of

> dismissal aside, although it may give rise to a cause of action to
> enforce the agreement.   Relief under Rule 60(b)(6) may only be
> granted under such extraordinary circumstances where, without such
> relief, an extreme and unexpected hardship would occur.

<u>Sawka</u>, 989 F.2d at 140.  Upon review of the many motions, letters, and other documents that

Plaintiff has recently submitted to this Court in an effort to have this action reopened and thereby

to obtain a variety of relief, including a transfer from his current place of incarceration, the Court

finds that Plaintiff has failed to demonstrate that he will incur extreme and unexpected hardship

necessary to trigger application of Rule 60(b)(6).  In addition, it would appear that Plaintiff has

other methods of pursuing the relief he seeks which he has not availed himself of, including

without limitation, the ability to seek relief from the United States District Court for the District

of Colorado, as Plaintiff is presently incarcerated in a district subject to that court's jurisdiction.

As the Court has found that it lacks jurisdiction to enforce the terms of the settlement agreement

between Plaintiff and Defendants, and because Plaintiff has failed to demonstrate sufficiently

that he will or is likely to suffer extreme or unexpected hardship unless this Court takes the

extraordinary step of reopening litigation that has been closed for nearly two and one-half years,

the Court will deny Plaintiff's motion to reopen, as well as his ancillary motions seeking assorted

relief.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY LEE BRIDGES,** | : | |
| | : | **Civil Action No. 1:02-CV-1470** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **BUREAU OF PRISONS,** | : | |
| | : | |
| **Defendant** | : | |

### <u>ORDER</u>

**AND NOW**, this 30th day of November 2006, upon due consideration, and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to reopen the above-captioned action (Doc. No. 289), motion for miscellaneous relief (Doc. No. 290), and motion for declaratory judgment (Doc. No. 298) are **DENIED**.


 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania